William Allen GRABLE, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 5833.

Supreme Court of Wyoming.

June 8, 1983.

James H. Barrett and Charles J. Szlenker of Trierweiler, Bayless, Barrett & McCartney, Cheyenne, Ed Parks of Boyd & Parks, Tulsa Okl., and Thomas E. Salisbury, Sand Springs, Okl., for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Sharon A. Lyman, Sr. Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

THOMAS, Justice.

This appeal is taken from an order having the effect of denying the appellant's motion for a new trial in a criminal case. The motion for a new trial was premised on the ground of newly discovered evidence as set

forth in Rule 34, W.R.Cr.P.[1] The newly discovered evidence relied upon was testimony by a doctor who was the employer and supervisor of another doctor. This latter individual had written a letter stating that a key prosecution witness could not attend the appellant's trial because the witness "was under active medical treatment and unable to travel for the foreseeable future." *Grable v. State*, Wyo., 649 P.2d 663, 672 (1982). The doctor on whose testimony the appellant relies testified that the medical records of the witness did not substantiate his unavailability at the time of appellant's trial. Appellant asserts that the district court abused its discretion in denying the motion for a new trial. We conclude that the appellant has not sustained his burden of demonstrating an abuse of discretion by the district court. We shall affirm the denial of the motion for a new trial.

While arguing vigorously and at length that the witness was not unavailable as the district court ruled at trial, the appellant does recognize that that issue was determined by this court's opinion in *Grable v. State*, supra. Even so, appellant poses the issue in this appeal as follows:

> "The trial court erred in overruling Appellant's Motion for New Trial based upon the newly discovered evidence which proved that the medical excuse for Mark Hart's failure to appear at trial was false and that therefore his prior trial testimony should not have been admitted as to do so violated both the hearsay rule and the Sixth Amendment right to confrontation."

Appellant does treat substantially in his brief and argument with the latter phrase of his statement of the issue involving the violation of the hearsay rule and the Sixth Amendment right to confrontation.

The State of Wyoming, as appellee, presents the following statement of issues:

> "1. WHETHER THE COURT SHOULD HAVE GRANTED A NEW TRIAL SO THAT THE JURY COULD CONSIDER THE NEW EVIDENCE AS BEARING UPON THE CREDIBILITY OF MARK HART.
>
> "2. WHETHER, BASED UPON THE NEW EVIDENCE, THE COURT SHOULD HAVE FOUND THAT MARK HART IN FACT HAD BEEN AN AVAILABLE WITNESS AND SHOULD THEN HAVE GRANTED A NEW TRIAL."

This statement of the issues more closely approaches the essence of the questions that this court must determine. We decide such cases on a standard of abuse of discretion by the district court. That standard invokes other rules, but it still is the essential question in an appeal from a denial of a motion for a new trial.

■ The pertinent rules of law which control the disposition of this case can be briefly stated. In Wyoming, we have said that it is clearly within the sound discretion of a district court to either grant or deny a motion for a new trial based upon newly discovered evidence, and the ruling by the district court will not be a basis for reversal of the conviction unless there is affirmatively shown an abuse of discretion by the district court. *Seigert v. State*, Wyo., 634 P.2d 323 (1981); *Daellenbach v. State*,

---

1. Rule 34, W.R.Cr.P., provides as follows:

"The court on motion of defendant may grant a new trial to him if required in the interests of justice. If trial was by the court without a jury, the court on motion of a defendant for new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for new trial based on the ground of newly discovered evidence may be made only before or within two (2) years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A mo-

tion for a new trial based on any other grounds shall be made within ten (10) days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period. The motion shall be determined and an order entered within ten (10) days after such motion is filed and if not so entered it shall be deemed denied, unless within such ten (10) days the determination shall be continued by order of the court, but a continuance shall not extend the time to a day more than 30 days from the date the verdict or the finding of guilty is returned."

Wyo., 562 P.2d 679 (1977); *Jones v. State,* Wyo., 568 P.2d 837 (1977); *Flaim v. State,* Wyo., 488 P.2d 153 (1971); *Ballinger v. State,* Wyo., 437 P.2d 305 (1968); *Opie v. State,* Wyo., 422 P.2d 84 (1967); and *Espy v. State,* 54 Wyo. 291, 92 P.2d 549 (1939). In *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980), this court said:

> "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. [Citations.] * * *"

■ We note that the source of Rule 34, W.R.Cr.P., is Rule 33 of the Federal Rules of Criminal Procedure. Under the federal rule the courts of the United States have invoked in cases involving a motion for a new trial based upon grounds of newly discovered evidence the so-called "Berry Rule," articulated in *Berry v. State,* 10 Ga. 511 (1851). E.g., *United States v. Jackson,* 579 F.2d 553 (10th Cir.1978), cert. denied *Allen v. United States,* 439 U.S. 981, 99 S.Ct. 569, 58 L.Ed.2d 652 (1978). See Wright, Federal Practice and Procedure: Criminal 2d § 557 (1982). The requirements then are said to be that:

> " * * * The newly discovered evidence must be more than impeaching or cumulative; it must be material to the issues involved; it must be such as would probably produce an acquittal; and a new trial is not warranted by evidence which, with reasonable diligence, could have been discovered and produced at trial. * * *" *United States v. Allen,* 554 F.2d 398, 403 (10th Cir.1977), cert. denied 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977).

To the same effect is the statement of the rule in Wright, Federal Practice and Procedure: Criminal 2d § 557, p. 315 (1982), and the cases there cited in the footnotes. The substantial identity of the federal rule to the rule of this court is marked, and federal authorities on this issue are highly persuasive. The foregoing precedents from our court, and those others upon which we shall rely, we find to be consistent with federal law.

■ This court has not deviated from its identification of the grounds for obtaining a new trial based upon newly discovered evidence. Paraphrased, these are said to be:

1. The evidence must have come to the defendant's knowledge since the trial.

2. It must not have been owing to want of due diligence on the part of the defendant that it did not come to his knowledge sooner.

3. The newly discovered evidence must be so material that it would probably produce a different verdict if the new trial were granted.

4. The newly discovered evidence is not cumulative, viz., speaking of facts in relation to which there was evidence at the trial. *Seigert v. State,* supra; *Salaz v. State,* Wyo., 561 P.2d 238 (1977); *Opie v. State,* supra.

In applying these several tests this court also has made specific statements which are pertinent in resolving this appeal. We know that an application for a new trial must be denied when it does not appear that the alleged newly discovered evidence would produce a different verdict. *Flaim v. State,* supra; *Kennedy v. State,* Wyo., 470 P.2d 372 (1970), reh. denied 474 P.2d 127 (1970), cert. denied 401 U.S. 939, 91 S.Ct. 933, 28 L.Ed.2d 218 (1971); and *Opie v. State,* supra. This court also has said:

> " * * * The Wyoming Supreme Court has previously held that a new trial will not be granted on the grounds of newly discovered evidence where the evidence is to impeach a witness. *John B. Roden, Jr., Inc. v. Davis,* 460 P.2d 209 (Wyo.1969). New evidence which only impeaches a witness or contradicts evidence produced at the trial is not sufficient to grant a new trial." *Salaz v. State,* supra, at 243.

This rule has been stated another way by this court in the following language:

" * * * On the other hand, there is respectable authority for the rule that a new trial will not be granted for newly discovered evidence, when the alleged newly discovered evidence is merely cumulative or when it is merely impeaching or contradictory of the former evidence. [Citations.]" *Opie v. State,* supra, at 86.

It is against these principles of law that we must test the appellant's contention that the district court abused its discretion in denying his motion for a new trial. This is the appellant's third appearance before this court in connection with the same or related charges. In *Grable v. State,* Wyo., 601 P.2d 1001 (1979), his conviction on two counts of forgery and three counts of conspiracy were reversed because the trial judge referred to certain witnesses as "co-conspirators" and refused to permit the alleged co-conspirator witnesses to explain their reasons for pleading guilty to charges which were connected with the charges against the appellant. The appellant then was retried and in *Grable v. State,* Wyo., 649 P.2d 663 (1982), this court affirmed convictions on two counts of forgery and one count of a conspiracy to commit forgery. Following that affirmance and the denial of a petition for rehearing which was filed by the appellant in this court, the case was returned on mandate to the district court.

The appellant then filed a motion for new trial pursuant to Rule 34, W.R.Cr.P. The motion relied upon two claims of newly discovered evidence. The first was testimony of one Don Enslow, which appellant alleged would absolve him of any participation in the crimes of which he was convicted. This aspect of the appellant's motion for a new trial has not been pursued in this appeal. The second area of newly discovered evidence was information from a medical doctor who had examined the records kept by the doctor by whom the court had been advised that a key witness was not available for appellant's second trial because he was under medical treatment. The information from the doctor was to the effect that the illness of the witness was not supported by the medical records relating to the witness. It is this newly discovered evidence which is the focal point of this appeal from the denial in open court of the appellant's motion for a new trial. The district judge at that time said with respect to the testimony of the doctor:

"On the Motion for New Trial, concerning the testimony of Dr. Altick, I am not persuaded that this testimony could not have come to light earlier through the exercise of due diligence. It appears to me that the testimony might have been produced before Hart's testimony was introduced at the second trial, or at least before the conclusion of that trial.

"In any event it does not appear to me that the testimony is so material that it would probably produce a different verdict if a new trial were granted. If I had been aware of Dr. Altick's testimony before ruling upon the question of the admisibility [sic] [of] Hart's former testimony, I think Dr. Altick's testimony would only have reinforced my earlier opinion that Hart was unavailable despite the good faith effort of the State to secure his attendance. It seems to me that if we accept what is apparently the theory of the Defendant here that Hart and Dr. Mascarahenas were engaged in some kind of undertaking here to procure his absence from the trial that it would have appeared if Hart was willing to go those lengths to be absent, that he would in fact have been unavailable.

\*　　\*　　\*　　\*　　\*　　\*

"Therefore I will deny the motion for a new trial."

In *Grable v. State,* Wyo., 649 P.2d 663 (1982), this court held that while the testimony of Hart was of paramount significance in connection with this case, the prosecution had met its burden of establishing the unavailability of that witness despite good-faith efforts to obtain his presence. That conclusion was based in part upon a letter from Dr. Mascarenhas in Dallas, Texas, which said:

"The above named patient is under active medical treatment and has been advised

by this office that he should remain in the area for further observation for an undisclosed amount of time.

"I do not expect him to be able to travel or be out of the area in the forseeable [sic) future."

This letter was written upon the letterhead of Altick Surgical & Medical Associates. At the hearing on the motion for the new trial the appellant produced as a witness Dr. Altick, who testified that he operated a clinic in Dallas, Texas, and that Dr. Mascarenhas worked for him in the clinic at the time the letter was written. He had never seen Hart as a patient, but he testified that based upon the medical record at the clinic relating to Hart he doubted if any examination had occurred on the date that the letter was written. He further opined that he did not discern anything in the records which would cause him to conclude that Hart was unable to travel at the time of appellant's trial.

■ The ruling of the district court, quoted above, speaks for itself with respect to the resolution of these issues by the district court. We conclude that we can find an abuse of discretion in the denial of a motion for a new trial brought under Rule 34, W.R.Cr.P., and based upon newly discovered evidence, only in an instance in which the four grounds for obtaining a new trial previously articulated by this court are satisfied. If one of those grounds is not satisfied then there has not been an error of law committed by the court under the circumstances, and no abuse of discretion could be found. *Martinez v. State,* supra.

With respect to the first two grounds, i.e., that the evidence must have come to the defendant's knowledge since the trial, and that it must not have been owing to one of due diligence on the part of the defendant that it did not come to his knowledge sooner, we think the record would satisfy the requirements of our earlier cases. The letter from Dr. Mascarenhas was received on January 22, 1981, and the case went to trial the following Monday, January 26, 1981. Indications are that the appellant and his counsel were not promptly informed of the receipt of this letter, perhaps because the State still hoped to obtain Hart's appearance at trial, and consequently any opportunity to present the information at the trial was quite limited. We say this even though the trial did extend for more than a week, and to this extent we might disagree with the conclusion of the district judge that the testimony might have been produced before Hart's testimony was introduced at the second trial, or at least before the conclusion of that trial.

This does not make any difference, however, because we are in complete accord with the finding of the district court that this newly discovered evidence was not so material that it probably would produce a different verdict if the new trial were granted. Dr. Altick's testimony is quite limited in nature, and amounts to no more than his statement that as an expert medical doctor he could not agree, based only upon his examination of Hart's medical record, that Hart could not travel to Casper, Wyoming, at the time of appellant's trial. Had that information been before the district court it might well have had no effect upon the conclusion that Hart was not available because of medical problems. It might, as the district judge indicated, simply have had the effect of making more clear to the judge the fact of Hart's unavailability.

To paraphrase the language of this court in *Kennedy v. State,* Wyo., 470 P.2d 372, 374 (1970):

"Appellant wholly fails to convince us that the matter of whether [a dispute existed between the examining physician and his employer who had reviewed the medical records of the witness Hart as to whether Hart could not travel to appellant's trial because of medical reasons] is so material to defendant's guilt or innocence that a new trial would probably produce a different verdict. * * * "

The appellant, through his counsel, speculates freely as to the possibility for producing a different verdict. Our role must be more pragmatic. Whether such evidence could even be admitted before the jury is

problematical. It relates only to the unavailability of the witness, which is an issue that the court must resolve. The appellant argues vigorously that it would have the effect of impeaching Hart. What this court has said in *Salaz v. State,* supra, and *Opie v. State,* supra, forecloses the use of the testimony for that purpose.

We previously have noted the vigorous arguments of the appellant with respect to his claim of violation of the hearsay rule and his Sixth Amendment right to confrontation. Those issues were disposed of in the court's opinion in *Grable v. State,* Wyo., 649 P.2d 663 (1982), and will not be further considered at this time. The interests of finality require a conclusion that as between the appellant and the State, those matters now are res judicata so far as the jurisdiction of this court to deal with them is concerned.

The district court's ruling denying the motion for a new trial is affirmed.