Joseph P. BAUMGARTNER,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 98–130.

Supreme Court of Wyoming.

July 17, 2000.

Representing Appellant: Sylvia Lee Hackl, Public Defender; Donna Domonkos, Appellate Counsel; Diane Courselle, Director, Wyoming Defender Aid Program; Michael C. Mace, Student Director; and L. Kirk Nurmi, Student Intern. Argument by Mr. Nurmi.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General. Argument by Mr. Pauling.

Before LEHMAN, C.J., and THOMAS, MACY*, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Joseph P. Baumgartner appeals his conviction of committing an immoral act with a minor in violation of Wyo. Stat. Ann. § 14-3-105, claiming that the district court erred in not granting him a new trial based on newly discovered evidence. We find no error and affirm his conviction.

## ISSUES

Baumgartner states the issue as follows:

Whether the district court abused its discretion in denying Mr. Baumgartner's motion for new trial when it ruled that Mr. Baumgartner's newly discovered evidence was not material.

* Retired June 2, 2000.

## *FACTS*

On July 23, 1996, the Laramie County District Attorney signed an information alleging that in June of 1989, seven years earlier, Baumgartner committed an immoral act with his then one-and-a-half-year-old son. The criminal affidavit issued with the information alleged that Baumgartner's wife had entered the bathroom of their home while Baumgartner was taking a bath with his son and saw Baumgartner masturbating with their son's hands on his erect penis. Baumgartner was charged with committing an immoral act with a minor in violation of Wyo. Stat. Ann. § 14–3–105 (Michie July 1986 Rpl.).

A trial on the charges was set to begin in district court on October 7, 1996. For reasons that do not appear in the record, the trial did not begin as scheduled and, on October 8, 1996, Baumgartner filed a motion in limine requesting the court to take judicial notice of a copy of a guardian ad litem report filed in an earlier divorce proceeding brought by his wife against her former husband in the State of New York. The motion alleged in essence that the report would show that his wife made an allegation against her former husband in the earlier action which was strikingly similar to the allegation she was making against Baumgartner in this criminal action. Through the report, Baumgartner sought to damage his wife's credibility before the jury by showing a pattern of conduct on her part of making unfounded accusations in order to maintain custody of and restrict visitation with her children. Baumgartner asked the court to take judicial notice of a copy of the report or, in the alternative, to continue the trial until such time as he could arrange for witnesses to come from New York to testify concerning the report. Although no order or transcript of hearing on Baumgartner's motion appears in the record, the request for continuance apparently was not granted as the case proceeded to trial on October 9, 1996.

On the day of trial, the State filed a motion to amend the information pursuant to W.R.Cr.P. 3(e). The motion sought to change the date on which the alleged immoral act occurred by one year, from June of 1989 to June of 1990. Again, no order or transcript of hearing on the motion appears in the record; however, an amended information was filed on October 10, 1996. The same day, the jury returned a verdict finding Baumgartner guilty of the crime charged.

On November 8, 1996, Baumgartner filed a motion for new trial, claiming that he was denied a fair trial because he was not allowed to present evidence of his wife's allegation against her former husband in the New York divorce action—evidence which, Baumgartner argued, was crucial to his defense. Although a hearing on the motion was scheduled for December 6, 1996, it does not appear from the record that a hearing took place on that date. On December 11, Baumgartner filed a supplement to the motion in limine filed before trial to which he attached a certified copy of the guardian ad litem report. Apparently nothing further happened at that time with respect to Baumgartner's motion for new trial, and on January 2, 1997, Baumgartner appeared for sentencing. The court imposed a sentence of three to five years in the Wyoming Penitentiary, suspended the sentence and placed Baumgartner on probation for four years. A judgment and sentence reflecting the court's determination was filed on January 6, 1997. On May 13, 1997, an order denying Baumgartner's motion for new trial was filed.

Several months later, probation revocation proceedings were commenced against Baumgartner, and a revocation hearing was set for January 30, 1998. Just prior to the hearing, on January 28, Baumgartner filed a second motion for new trial, this time on the basis of newly discovered evidence. In his motion, Baumgartner claimed that in the process of removing personal items from his former home after his recent divorce from his wife, he discovered a calendar kept by his wife which provided him with a previously unavailable alibi defense. The calendar contains notations made by his wife in June of 1990 showing that he was working long hours and arguably could not have been home on the day he allegedly committed the crime for which he was convicted. A hearing was held on the motion on January 30, 1998, at which time the court denied the motion on the

ground that the newly discovered evidence was not material given Baumgartner's admission that his wife in fact did find him in the bathtub with his son and with an erection. An order to that effect was entered on February 3, 1998. Baumgartner timely appealed from that order.

### STANDARD OF REVIEW

■ A trial court has discretion in determining whether to grant or deny a defendant's motion for new trial. *Beintema v. State*, 969 P.2d 1124, 1126 (Wyo.1998). In determining whether the trial court abused its discretion, we must decide whether the court could have reasonably concluded as it did. *Id.* We will not disturb the trial court's determination with respect to a motion for new trial unless we find that the trial court could not have reasonably concluded as it did. *Id.*

### DISCUSSION

■ In order to obtain a new trial on the basis of newly discovered evidence, a defendant must establish each of the following factors: 1) he did not become aware of the new evidence until after the trial; 2) it was not because of lack of due diligence that the new evidence did not come to light sooner; 3) the evidence is so material that it would probably produce a different result; and 4) the evidence is not cumulative. *Beintema*, at 1126. If a defendant fails to prove any of these factors, the motion is properly denied.

Baumgartner identifies two pieces of evidence which he claims to have discovered after the trial: first, the calendar containing the notations made by his wife reflecting that he was working long hours in June of 1990, and second, evidence which he alleges shows that his wife testified falsely with respect to the guardian ad litem report. Neither of these items of evidence satisfies the test for newly discovered evidence warranting a new trial.

### The Calendar

Baumgartner argues that the calendar is crucial evidence to his defense because it directly contradicts his wife's trial testimony and shows that he could not have been home to commit the alleged offense in June of 1990, the time frame she testified the offense occurred. Baumgartner argues this evidence of an alibi is material evidence warranting a new trial.

■ There is no question that evidence tending to show a defendant could not have been present to commit an alleged crime is material to his defense as evidence of an alibi. *Esquibel v. State*, 399 P.2d 395, 399 (Wyo.1965). Whether the evidence at issue here can properly be characterized as alibi evidence is questionable given Baumgartner's admission that the event giving rise to the criminal charge in fact occurred. The question we must answer, however, is whether the evidence in this case is so material that it would probably produce a different result if a new trial is ordered. Having carefully reviewed the record before us, we are not persuaded that the calendar satisfies this prong of the newly discovered evidence test.

■ In June of 1996, after the allegations were made by his wife, Baumgartner gave a written statement to the police in which he admitted that his wife came into the bathroom while he was taking a bath with his son and that he had an erection. That statement, along with Baumgartner's testimony to the same effect, was presented at trial. Although there was disagreement about when the incident occurred and differing testimony as to exactly what occurred, there was no dispute that at some time during the 1988 or 1990 time frame, Baumgartner was in the bathtub with his son and had an erection. The question for the jury to decide was whose version of events to believe—that of Baumgartner's wife, who testified that she saw her husband masturbating with his son's hands on his erect penis, or that of Baumgartner, who admitted that he was in the bathtub with his son and had an erection, but denied that he was masturbating with his son's hands on his penis. Given Baumgartner's statements that the event in fact occurred, the issue of whether it happened in June of 1990, or July of 1988 as Baumgartner testified, was not crucial to the question

whether he committed the offense charged. Although the calendar may have been important in terms of contradicting the wife's testimony, evidence which merely impeaches or contradicts evidence produced at trial is not "new evidence" warranting a new trial based upon newly discovered evidence. *Grable v. State*, 664 P.2d 531, 533–34 (Wyo.1983).

▮ The calendar also fails to satisfy the test for newly discovered evidence warranting a new trial for the reason that it is cumulative. In his opening statement, Baumgartner's counsel referred to the long hours Baumgartner was working during the time the amended information alleged the incident occurred. Baumgartner testified that in June of 1990 he was working two full-time jobs, 19 to 20 hours per day, and that on the day in question he only had 30 to 45 minutes at home between jobs. The calendar merely corroborates the testimony and argument already presented that Baumgartner was working long hours during part of the month of June of 1990. It is, therefore, cumulative and fails to satisfy the fourth prong of the test for newly discovered evidence.

▮ Citing *Derksen v. State*, 845 P.2d 1383 (Wyo.1993), Baumgartner also argues that, because the State charged him with an offense occurring in June of 1990, it was error to permit the jury to convict if the evidence proved an offense that could not have occurred at that time. The Sixth Amendment to the Constitution of the United States and Article 1, Section 10 of the Constitution of the State of Wyoming provide that an accused has the right in all criminal prosecutions to be informed of the nature and cause of the charge against him. The purpose of these constitutional requirements is to assure adequate notice of the accusations to the defendant to enable him to prepare a defense. *Vernier v. State*, 909 P.2d 1344, 1351 (Wyo.1996). The constitutional requirements are implemented in W.R.Cr.P. 3(b)(1), which provides that the information must be a "plain, concise and definite written statement of the essential facts constituting the offense charged."

▮ Under the constitutional requirements and the criminal rule, an information is sufficient if it: 1) contains the elements of the offense charged; 2) fairly informs a defendant of the charge against which he must defend; and 3) enables a defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Vernier*, at 1351 (quoting *Stewart v. State*, 724 P.2d 439, 440 (Wyo.1986)). Applying this test, we have said in a number of cases that where a specific date is not an element of the offense charged, the allegation of a general time period is sufficient to give a defendant notice and allow him to adequately defend. *Id.* (and cases cited therein). We have also said that a specific date is not essential to the commission of the crime described in Wyo. Stat. Ann. § 14–3–105. *Stewart v. State*, 724 P.2d 439, 441 (Wyo.1986). We have further said that nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that the defendant committed each essential act of the offense. *Id.*

Baumgartner admitted that he was in the bathtub with his young son and had an erection. Although he testified that this event occurred in June of 1988, rather than June of 1989 or 1990 as the information and amended information alleged, he did not challenge the fact of the event itself. Under these particular facts and circumstances, we find that the information sufficiently gave notice to Baumgartner. We do not find that the failure to allege the date of June 1990 prior to the day of trial prejudiced Baumgartner or hindered his ability to present a defense.

### The Guardian Ad Litem Report

▮ Baumgartner also claims that he is entitled to a new trial based on newly discovered evidence that the State's chief witness, his ex-wife, lied under oath during her testimony concerning the guardian ad litem report. At trial, defense counsel asked the wife if she recalled having seen the report before. The wife responded: "I honestly don't know if I have seen it before. I don't know if I've seen it before. I have boxes. I don't at this moment in time ever recall seeing that before."

Baumgartner asserts that after the trial the prosecuting attorney told defense counsel that he showed Baumgartner's wife the guardian ad litem report immediately before trial. Therefore, Baumgartner concludes, his ex-wife's testimony that she did not recall having seen the report before was false. Beyond the bare assertion in Baumgartner's brief, however, there is no evidence in the record verifying the prosecutor's alleged statement to defense counsel. Nowhere in the record do we find an affidavit of defense counsel or the prosecuting attorney or any other independent evidence of the prosecutor's purported statement to defense counsel. Absent some evidence in the record verifying appellate counsel's assertion, we cannot consider Baumgartner's claim that he is entitled to a new trial based on newly discovered evidence.

## CONCLUSION

We find no error in the trial court's denial of Baumgartner's motion for new trial based on newly discovered evidence and affirm the conviction.