FOX, Justice.
[¶1] In his direct appeal, we affirmed Mr. Dockter's convictions and sentences for kidnapping, unlawful entry, misdemeanor theft, property destruction, interference with an emergency call, and domestic battery. While that appeal was pending, Mr. Dockter filed two motions for a new trial in the district court. The court denied those motions, and we affirm.
ISSUES
[¶2] Mr. Dockter raises seven issues for our consideration, which we rephrase as:
I. Did the district court abuse its discretion when it denied Mr. Dockter's motions for a new trial?
A. Was Mr. Dockter entitled to counsel to pursue a motion for a new trial after his direct appeal had ended?
B. Was Mr. Dockter's proposed evidence that he lived with the victim at the time of the crimes "newly discovered evidence"?
C. Can a defendant raise an ineffective assistance of counsel claim in a motion for a new trial based on "newly discovered evidence"?
D. Did Mr. Dockter's proposed evidence that the State failed to disclose *892 it was prosecuting one of its witnesses warrant a new trial?
E. Does Mr. Dockter's contention that the State knowingly allowed two witnesses to commit perjury qualify as "newly discovered evidence"?
F. Can a defendant raise a claim of cumulative error in a motion for new trial based on "newly discovered evidence"?
FACTS
[¶3] To provide context for Mr. Dockter's claims in this appeal, we restate the facts from Mr. Dockter's direct appeal:
Appellant and the victim Amanda Yearsley dated for six months before Ms. Yearsley ended the relationship in May 2015. Ms. Yearsley then met with Appellant to inform him that she was pregnant in July of 2015. After that, the two communicated sporadically through early August 2015.
On August 14, 2015, Ms. Yearsley was at a bar where she worked ... when Appellant showed up. He stopped by to repay some money he owed her, and wanted to talk, but eventually he started to cause a scene. Because of his belligerent behavior, Ms. Yearsley suggested that they take the conversation back to her place. While they were at Ms. Yearsley's apartment, she used a smartphone, an iPhone 6, that Appellant had given her daughter. This apparently annoyed Appellant, so he snatched it from her and left. After Appellant departed with her cell phone, Ms. Yearsley called the police to report it, but she declined to pursue charges.
The next day, August 15, Ms. Yearsley activated her old iPhone 5. Later that day, while she was in the shower getting ready for work, the shower curtain swung open, and there was Appellant. He grabbed her by the throat, and took her out of the shower and into the bedroom. As she started to scream, he placed his other hand over her nose and mouth. Once in the bedroom, Appellant put Ms. Yearsley on the bed and told her she needed to listen to him and that she had no choice but to do so. She continued to squirm and scream, and Appellant body-slammed her onto the ground with one hand still on her throat and the other over her nose and mouth. Ms. Yearsley struggled to breathe and almost blacked out, which caused her to become still. Appellant then removed his hands and let her sit up.
Once free from Appellant's grasp, Ms. Yearsley ran to the bathroom and turned off the shower. She picked up a piece of the shower rod that had fallen on the floor and tried to defend herself with it. It was no use, however, as Appellant followed her to the bathroom and was able to pick her up in a "bear hug." However, she managed to grab her reactivated iPhone 5 from the bathroom counter before Appellant carried her out to the living room.
Once in the living room, Appellant sat down on the couch with Ms. Yearsley on his lap, still clenched in a bear hug. Appellant told her how much he loved her and that she just needed to listen to him. Unbeknownst to him, Ms. Yearsley had succeeded in dialing 911 and hitting send. When a dispatcher answered the 911 call, Appellant discovered what she had done. He grabbed the phone, punched Ms. Yearsley in the thigh, exited through the front door, and took off in his car.
Dockter v. State , 2017 WY 63, ¶¶ 3-7, 396 P.3d 405, 406 (Wyo. 2017) ( Dockter I ).
[¶4] In April 2016, a jury convicted Mr. Dockter of kidnapping Ms. Yearsley "with the intent to inflict bodily injury on or to terrorize her," unlawful entry into her home, misdemeanor theft of her iPhone, property destruction, interference with an emergency call, and domestic battery.[1] In his direct appeal from those convictions, Mr. Dockter argued that the State failed to present sufficient evidence he unlawfully confined Ms. Yearsley or that he stole her iPhone. Dockter I , 2017 WY 63, ¶ 2, 396 P.3d at 406. We affirmed. Id. at ¶ 27, 396 P.3d at 411.
[¶5] We issued our decision in Dockter I on June 1, 2017. Before that, Mr. Dockter filed two pro se motions for a new trial under W.R.Cr.P. 33(c) in the district court: one on *893 March 15, 2017 ("the First Motion"); and the other on May 3, 2017 ("the Second Motion"). In his First Motion, he argued that various documents established that he was living at Ms. Yearsley's address and that his counsel was constitutionally ineffective for not discovering and raising this at trial. He argued this evidence was "newly discovered" and that it refuted the charge that he unlawfully entered Ms. Yearsley's home.
[¶6] In his Second Motion, in addition to generally reasserting some of his arguments from his First Motion, Mr. Dockter argued that the State failed to disclose before trial that it was prosecuting one of its witnesses, Kyle Christensen, in a separate criminal case, and that Mr. Christensen and Ms. Yearsley committed perjury at his trial.
[¶7] The district court appointed the Public Defender's Office to represent Mr. Dockter. On June 16, 2017, the court held a hearing on both of Mr. Dockter's motions. At the beginning of the hearing, the Public Defender's Office objected to its appointment because Mr. Dockter's direct appeal had ended, and Mr. Dockter did not have the right to counsel to pursue his motions. The district court agreed and concluded that Mr. Dockter was not entitled to a public defender. The court then heard from Mr. Dockter, pro se , regarding his two motions.
[¶8] On August 1, 2017, the district court denied Mr. Dockter's motions. The court concluded the evidence that Mr. Dockter contended was newly discovered was "largely not newly discovered or deserving of any significant weight when compared to the trial evidence presented." This appeal followed.
STANDARD OF REVIEW
[¶9] "We generally review the district court's decision on a motion for a new trial for abuse of discretion." Emerson v. State , 2016 WY 44, ¶ 11, 371 P.3d 150, 153 (Wyo. 2016) (citations omitted). A court's discretion is limited to whether it could reasonably conclude as it did. Id. We will not disturb the court's decision "absent a showing that some facet of the ruling [was] arbitrary or capricious." Id. (citations omitted).[2]
DISCUSSION
I. The district court did not abuse its discretion when it denied Mr. Dockter's motions for a new trial
[¶10] Because Mr. Dockter's motions were made nearly a year after his trial, the only avenue to secure a new trial was to present the trial court with "newly discovered evidence." W.R.Cr.P. 33(c). Motions for a new trial based on newly discovered evidence are "not favored by the courts and [are] viewed with great caution." Emerson , 2016 WY 44, ¶ 12, 371 P.3d at 153.
A defendant who seeks a new trial based on newly discovered evidence typically must demonstrate the following: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is so material that it would probably produce a different verdict, if the new trial were granted; and (4) that it is not cumulative, viz., speaking to facts in relation to which there was evidence at the trial.
Id. A defendant must establish all four elements to warrant a new trial. Id.[3]
*894 A. Mr. Dockter did not have a right to counsel to pursue a motion for a new trial after his direct appeal ended
[¶11] Before addressing Mr. Dockter's substantive arguments, we consider his claim that he was entitled to counsel while he pursued his motions. The Public Defender Act does not grant a defendant the right to appointed counsel to pursue a post-conviction motion. Wyo. Stat. Ann. § 7-6-104 (LexisNexis 2017). Rather, a court has the discretion to appoint counsel in such circumstances. Patrick v. State , 2005 WY 32, ¶ 17, 108 P.3d 838, 844 (Wyo. 2005).
[¶12] Mr. Dockter quotes Story v. State , 788 P.2d 617, 627 (Wyo. 1990), to support his argument that he was entitled to counsel: "Without doubt, the hearing on a motion for new trial is a critical stage of the proceedings. It is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review." This quote, however, does not support Mr. Dockter's argument. First, it is from the dissent in Story . Id. (Urbigkit & Macy, JJ., dissenting). Second, it is quoting a Texas case. Id. (quoting Owens v. State , 763 S.W.2d 489, 492 (Tex. App. 1988) ). While precedent from other jurisdictions is persuasive to this Court in some circumstances, it is not controlling. And, finally, the quote addresses when a court must hold an evidentiary hearing to determine a motion for a new trial, not the right to counsel in such circumstances. Id. Mr. Dockter was not entitled to appointed counsel to pursue his motions for a new trial.
B. Mr. Dockter's proposed evidence that he lived with the victim was not "newly discovered"
[¶13] Mr. Dockter attached various documents to his motions which he asserted established that he lived with Ms. Yearsley at the time of his crimes. These documents primarily consisted of his unemployment paperwork filed in July 2015 with the Wyoming Department of Workforce Services that listed Ms. Yearsley's address as his home address.[4] He also attached an affidavit from an attorney who represented him in Colorado in August 2015 that stated Mr. Dockter's bond paperwork in Colorado showed he lived with Ms. Yearsley and that she appeared in court with Mr. Dockter in Colorado.
[¶14] Presumably, Mr. Dockter relied on this "newly discovered evidence" to refute the charge that he unlawfully entered Ms. Yearsley's home. See Wyo. Stat. Ann. § 6-3-307 (LexisNexis 2017). However, in his brief, Mr. Dockter admits that this evidence is not "newly discovered." Indeed, all of this evidence was available to him, or his attorney, at the time of his trial in April 2016. Because this evidence is not newly discovered, it was not a basis for a new trial under Rule 33(c), and the district court did not abuse its discretion when it denied his motions on this basis.
C. A defendant cannot raise an ineffective assistance of counsel claim in a motion for a new trial based on "newly discovered evidence"
[¶15] Mr. Dockter presents a myriad of arguments regarding his trial counsel's alleged constitutional ineffectiveness by not "conduct[ing] an adequate review into the facts of the case [police reports] and impeach[ing] the witnesses with those facts when glaring and crucial discrepancies existed in testimony," and his appellate counsel, presumably, for not raising trial counsel's ineffectiveness on appeal. However, the alleged ineffective assistance of trial counsel does not qualify as "newly discovered evidence" under Rule 33(c). In addition, Rule 33(c) is not the proper avenue to litigate appellate counsel's alleged ineffectiveness.
D. Mr. Dockter's proposed evidence that the State failed to disclose it was prosecuting one of its witnesses did not warrant a new trial
[¶16] In his motions, Mr. Dockter asserted that the State suppressed the fact that it was prosecuting Kyle Christensen while Mr. Christensen was a witness for the State in Mr. Dockter's trial. While our standard *895 of review in this case is whether the district court abused its discretion, "we [ ] review de novo the district court's decision to deny [the appellant's] motion for a new trial on the grounds that the State improperly suppressed exculpatory evidence." Davis v. State , 2017 WY 147, ¶ 18, 406 P.3d 1233, 1237 (Wyo. 2017) (citation omitted) (alteration in original). To warrant a new trial, the State must have suppressed evidence that was material to the defendant, and there must be a reasonable probability the result would have been different had the evidence been disclosed. See United States v. Bagley , 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985) (citing Brady v. Maryland , 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963) ).
[¶17] At trial, Mr. Christensen testified that he did not see any cars outside Ms. Yearsley's home at the time of the crimes. Mr. Dockter argued that the police reports indicate Mr. Christensen said he saw a "black Cadillac in front of the residence." As it pertains to his motions, Mr. Dockter claims the State failed to disclose that it was prosecuting Mr. Christensen at the time and that he could have used this to impeach Mr. Christensen regarding whether there was a car in front of Ms. Yearsley's home. This, apparently, went to the unlawful entry count because it could have refuted the State's argument that Mr. Dockter's car was in the alleyway behind Ms. Yearsley's home and that a person who has authority to be in a home "doesn't sneak around [the back]." The "newly discovered evidence" consisted of a scheduling order that was issued in both Mr. Dockter's and Mr. Christensen's cases on December 21, 2015, approximately four months before Mr. Dockter's trial, that showed Mr. Christensen had a pending criminal case.
[¶18] Before a Brady violation occurs, the government, through the prosecutor or its agents, must have "suppressed" the information by not disclosing it to the defendant. See Kyles v. Whitley , 514 U.S. 419, 437-38, 115 S.Ct. 1555, 1567-68, 131 L.Ed.2d 490 (1995). In addition, if a defendant's attorney knew, or should have known through due diligence, about potential evidence it is generally not newly discovered. See Beintema v. State , 969 P.2d 1124, 1127 (Wyo. 1998) ("Huskinson's plea agreement with the prosecution was not newly discovered evidence because the trial attorney knew about the plea agreement prior to Beintema's trial."). It is questionable whether this information was "suppressed" when the "evidence" Mr. Dockter relies on is a scheduling order, entered in Mr. Dockter's case, that showed the State had pending charges against Mr. Christensen. We find it unnecessary to decide this question because, even if Mr. Dockter's attorney had known of Mr. Christensen's pending criminal charges, we cannot conclude that there is a reasonable probability the result would have been different. See Bagley , 473 U.S. at 676, 105 S.Ct. at 3380.
[¶19] The district court concluded that "[t]he alleged inconsistency in Mr. Christensen's testimony was something that was explored or at least argued and could have been explored further had counsel found it valuable. The jury heard and evidently believed overwhelming evidence from the victim as it regarded the same issues Mr. Christensen testified about." Ms. Yearsley testified that it was her house and she "kicked [Mr. Dockter] out" in May 2015. Even if Mr. Dockter had been able to discredit Mr. Christensen's account of whether Mr. Dockter's car was out front, we cannot conclude that there is a reasonable probability the result would have been different.
E. Mr. Dockter's contention that the State knowingly allowed two witnesses to commit perjury did not qualify as "newly discovered evidence"
[¶20] Mr. Dockter argued that the prosecution knowingly permitted Mr. Christensen and Ms. Yearsley to commit perjury. He contended that Mr. Christensen and Ms. Yearsley lied about the location of Mr. Dockter's car. Ms. Yearsley told police that Mr. Dockter's car was parked in front, but testified at trial that it was parked in the back. He also argues that Ms. Yearsley lied about being pregnant.
[¶21] A prosecutor cannot "knowingly use[ ] perjured testimony to obtain a conviction."
*896 Lacey v. State , 803 P.2d 1364, 1368-69 (Wyo. 1990) (citing Mooney v. Holohan , 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935) (citation omitted) ). As to the location of his car, the only "newly discovered evidence" that Mr. Dockter presented in support of his motion was the inconsistency between what the witnesses told police and what they testified to at trial. This is not "newly discovered" because the police reports Mr. Dockter relies on were available to him at trial. Moreover, merely pointing out inconsistencies in a witness's testimony is not sufficient to prove that the State knowingly allowed them to commit perjury. Rather, cross-examination is generally the proper method to bring those inconsistencies to the jury's attention.
[¶22] As to Ms. Yearsley's pregnancy, she testified at trial that she was pregnant when Mr. Dockter assaulted her in August 2015 and that she had told him on July 25, 2015, that she was pregnant. Mr. Dockter cites to Ms. Yearsley's testimony that the last contact she had with him was in late-May 2015, but that she still claimed to be pregnant at the trial in April 2016.[5] Mr. Dockter's attorney brought up Ms. Yearsley's remarkably long pregnancy in closing argument and pointed out that, if it was Mr. Dockter's child, she was "six to eight weeks over due." Mr. Dockter's attorney also attempted before trial to prevent the State from mentioning that Ms. Yearsley was pregnant. Because Mr. Dockter's attorney addressed the issue of Ms. Yearsley's pregnancy before and at trial, it was not "newly discovered."
F. A claim of cumulative error is not cognizable in a motion for new trial based on newly discovered evidence
[¶23] Mr. Dockter argues that the cumulative effect of his alleged errors warrants a new trial. However, the only avenue for Mr. Dockter to receive a new trial was by demonstrating that he had acquired "newly discovered evidence." W.R.Cr.P. 33(c). Under our cumulative error doctrine, we review whether the cumulative effect of two or more errors "deprived [a defendant] of a fair trial." Buszkiewic v. State , 2018 WY 100, ¶ 43, 424 P.3d 1272, 1284 (Wyo. 2018). To warrant a new trial based on newly discovered evidence, a defendant must establish the four elements discussed above for each piece of allegedly newly discovered evidence. Emerson , 2016 WY 44, ¶ 12, 371 P.3d at 153. The cumulative error doctrine applies to trial errors, not claims that rely on newly discovered evidence.[6]
CONCLUSION
[¶24] Mr. Dockter did not provide the district court with "newly discovered evidence," and thus, the court did not abuse its discretion when it denied Mr. Dockter's motions. Affirmed.

The jury acquitted him of strangulation of a household member.

In Mr. Dockter's brief, he includes a claim that "his Constitutional protections against double jeopardy by proxy of collateral estoppel were infringed upon when the Wyoming Supreme Court utilized acquitted conduct as their ultimate finding of fact to support the material element[s] of kidnapping." He then argues, from what we can discern, that the evidence was insufficient to convict him of kidnapping because the jury acquitted him of the strangulation of a household member charge. Mr. Dockter's attempt to relitigate his kidnapping conviction is barred by res judicata, and we will not consider it further. See Thomas v. JLC Wyoming, LLC , 2019 WY 14, ¶ 38, 434 P.3d 104, 115 (Wyo. 2019).

We have previously described these elements as "factors," even though all four must be present to warrant a new trial. See Emerson , 2016 WY 44, ¶ 12, 371 P.3d at 153 ; Terry v. State , 2002 WY 162, ¶ 10, 56 P.3d 636, 639 (Wyo. 2002). This is not accurate. A court may weigh some or all factors in determining an issue or claim. Elements, on the other hand, are like pieces of a puzzle; if one piece is missing, the entire claim fails.

It is unclear from the paperwork if it was filled out by Mr. Dockter, someone at the unemployment office based on information from Mr. Dockter, or by some other means.

The State did not charge Mr. Dockter with any crime that included Ms. Yearsley's pregnancy as an element.

In his brief, Mr. Dockter adds an argument that the State improperly vouched for Mr. Christensen's credibility in closing argument. This argument was barely touched on in Mr. Dockter's second motion for a new trial, and we will not consider it for the first time on appeal. See Barrowes v. State , 2019 WY 8, ¶ 21, 432 P.3d 1261, 1267-68 (Wyo. 2019).