2001 WY 14

**Homer GRISWOLD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 00–86.

Supreme Court of Wyoming.

Feb. 12, 2001.

Representing Appellant: Thomas T. Zollinger of Gillette, WY.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and T. Alan Elrod, Assistant Attorney General.

* Concurred prior to retirement.

Before LEHMAN, C.J., and THOMAS,* GOLDEN, HILL and KITE, JJ.

KITE, Justice.

[¶ 1]   This appeal is taken from an order denying Homer Griswold's motion for a new trial. The sole issue, presented by Mr. Griswold, is whether the trial court abused its discretion in denying his motion for a new trial based upon the discovery of evidence which was not presented at trial. We conclude that Mr. Griswold has not sustained his burden of demonstrating an abuse of discretion by the trial court. We affirm the denial of the motion for a new trial.

## ISSUES

[¶ 2]   Mr. Griswold presents the following issue:

> Did the court err in denying Appellant's motion for a new trial based on new evidence?

The State rephrases the issue as:

> Whether the district court properly denied Appellant's motion for a new trial.

## FACTS

[¶ 3]   The appellant, Mr. Griswold, was tried before a jury in the district court of Campbell County. He was convicted of ten counts of second-degree sexual assault and two counts of indecent liberties involving two minors, and he appealed. The Supreme Court affirmed the convictions in *Griswold v. State*, 994 P.2d 920 (Wyo.1999).

[¶ 4]   While the appeal from his conviction was pending, Mr. Griswold filed a motion for new trial pursuant to W.R.Cr.P 33(c) asserting newly discovered evidence. The evidence at issue includes documents from the Department of Family Services (DFS) which relate to two witnesses who testified at trial regarding Mr. Griswold's prior bad acts pursuant to W.R.E. 404(b). The documents were discovered by Mr. Griswold as the result of a civil case pending in the United States District Court for the District of Wyoming.

[¶ 5] Mr. Griswold further claims that two additional documents from DFS relating to the victims in the underlying case should be considered newly discovered evidence by this Court. He makes this argument even though the trial judge reviewed these documents *in camera* prior to the criminal trial pursuant to *Gale v. State*, 792 P.2d 570 (Wyo. 1990), and ruled that they were not relevant or exculpatory.

[¶ 6] The trial court issued an order which directed the Weston County district court to deliver the juvenile court file of the W.R.E. 404(b) witnesses to the Campbell County district court. Upon *in camera* examination of the juvenile court file, the trial court found that nearly all of the alleged newly discovered evidence from the DFS files was duplicated in the court file. The trial court determined that Mr. Griswold failed to exercise due diligence to obtain the juvenile court file as he knew, as a foster parent for these children, that the file existed, but he never requested it. Further, the trial court found that much of the alleged newly discovered evidence only impeached the witnesses and contradicted evidence produced at trial. After review of the alleged newly discovered evidence, the trial court found that the grant of a new trial would not produce a different verdict and, on January 20, 2000, denied the Motion for New Trial. Mr. Griswold appeals to this Court.

## STANDARD OF REVIEW

[¶ 7] It is clearly within the sound discretion of a trial court to either grant or deny a motion for a new trial based upon newly discovered evidence, and the ruling by the trial court will not be a basis for reversal of the conviction unless an abuse of discretion by the trial court is affirmatively shown. *Grable v. State*, 664 P.2d 531, 532 (Wyo.1983). It is the appellant's burden to demonstrate an abuse of discretion in the denial of his new trial motion. *Kavanaugh v. State*, 769 P.2d 908, 913 (Wyo.1989). We recently described the standard of an abuse of discretion as "reaching the question of reasonableness of the choice made by the trial court." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). In *Vaughn, id.* (quoting *Martin v. State*, 720

P.2d 894, 897 (Wyo.1986)), we confirmed the following definition:

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means [exercising] sound judgment ... with regard to what is right under the circumstances and without doing so arbitrarily or capriciously."

*See also Shryack v. Carr Construction Company, Inc.*, 3 P.3d 850, 855 (Wyo.2000). In the absence of an abuse of discretion, we will not disturb the trial court's determination. *Taul v. State*, 862 P.2d 649, 659 (Wyo.1993).

## DISCUSSION

[¶ 8] A motion for a new trial on the ground of newly discovered evidence is not favored by the courts and is viewed with great caution. *Hopkinson v. State*, 679 P.2d 1008, 1012 (Wyo.), *cert. denied*, 469 U.S. 873, 105 S.Ct. 228, 83 L.Ed.2d 157 (1984). In order to obtain a new trial on the basis of newly discovered evidence, an appellant must establish each of the following factors:

(1) That the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is so material that it would probably produce a different verdict, if the new trial were granted; and (4) that it is not cumulative, viz., speaking to facts in relation to which there was evidence at the trial.

*Opie v. State*, 422 P.2d 84, 85 (Wyo.1967). All four of these factors must be met for an appellant to be entitled to a new trial, and, if any one factor is not satisfied, there is no error in the denial of the new trial motion. *Grable*, 664 P.2d at 535. Therefore, it is not essential that we address each and every factor if an appellant fails in his burden to satisfy even one of the four factors.

[¶ 9] Mr. Griswold identifies four exhibits (C, E, X, A) in his brief, which he claims qualify as newly discovered evidence. For the reasons set forth below, these exhibits fail to satisfy the standard for newly discovered evidence set forth in *Opie* and, therefore, do not warrant a new trial.

[¶ 10] We will jointly address Exhibits C and E which, unlike Exhibits A and X, were not reviewed by the trial judge *in camera* prior to the criminal trial. After careful review of the record presented to this Court, we are not persuaded Mr. Griswold has established that Exhibits C and E satisfy each of the factors of the newly discovered evidence test.

## A. Exhibit C

■ [¶ 11] Exhibit C is the social summary of W.R.E. 404(b) witness LG prepared for the Weston County juvenile court by a DFS employee, which details the allegations of sexual abuse made by LP against Mr. Griswold in March of 1987. The document includes a recantation of accusations of sexual misconduct alleged by LG while she was in Mr. Griswold's foster care. Mr. Griswold contends it is significant that the exhibit only mentions inappropriate comments and one inappropriate incident directed towards LG by him but does not mention the more serious accusations of sexual intercourse, oral stimulation, masturbation, or other sexual contact alleged by her at trial. In addition, Mr. Griswold maintains this document further reveals that MC, also a W.R.E. 404(b) witness in the trial, did not believe Mr. Griswold had molested his sister, LG. Finally, Mr. Griswold points out that the document is silent as to any suggestion or allegation that MC had himself been a victim of sexual abuse by Mr. Griswold, as was later claimed at trial. The exhibit states, "[MC] did not believe [LG's] story and later [LG] told worker that Mr. Griswold had not done what she said."

## B. Exhibit E

■ [¶ 12] The second document, Exhibit E, is an evaluation report of LG written by the Wyoming Youth Treatment Center in 1987 upon her discharge from that facility. The document includes a comprehensive clinical assessment of LG and states in part: "[LG] has given differing accounts (lied about) a number of situations since being on the cottage, i.e., molestation by foster father." Mr. Griswold contends this document indicates that LG continued to recant her accusations against him throughout her stay at the Wyoming Youth Treatment Center.

[¶ 13] Mr. Griswold contends the introduction of Exhibits C and E would have produced a different verdict because they are probative evidence on the issue of whether there was in fact sexual contact between him and MC and would prove LG had recanted her accusations. According to Mr. Griswold, Exhibits C and E render the testimony of these two witnesses worthless for the purpose of corroborating the testimony of the victims and likewise dispel any notion of a pattern of sexual abuse by him. For this argument to have merit, it would require that these documents outweigh the trial testimony of these W.R.E. 404(b) witnesses who, under oath, continued to assert their accusations at trial and were subject to cross-examination. Mr. Griswold's argument would similarly require that the documents outweigh the testimony of two additional W.R.E. 404(b) witnesses, which further corroborated the accusations of the victims. Finally, the jury would have to find that the documents outweigh the compelling trial testimony of the victims. As a result of the strength of the corroborating trial testimony, we are not convinced that these exhibits, solely directed toward collateral witnesses, would produce a different verdict if a new trial were granted.

■ [¶ 14] Furthermore, the primary purpose of these documents would be to impeach and call into question the credibility of LG's and MC's trial testimony. This Court has said: "New evidence which only impeaches a witness or contradicts evidence produced at the trial is not sufficient to grant a new trial." *Salaz v. State*, 561 P.2d 238, 243 (Wyo.1977). This information could have only been impeachment evidence, and, for that reason, it does not justify a new trial.

[¶ 15] We note the issue of due diligence is somewhat overshadowed by the actions of the State in this matter and the effect those actions may have had on the knowledge of the defense. The real possibility that the State had knowledge of the existence of information relating to LG and MC which was not disclosed to the defense is disturbing. However, despite these concerns, we do not

believe the introduction of such information would have produced a different verdict.

■ [¶ 16]   Next, we will jointly address Exhibits A and X, which were reviewed by the trial judge *in camera* prior to the criminal trial.   Mr. Griswold completely fails to address three of the four factors of the *Opie* test with regard to Exhibits A and X. As we previously stated, the failure to satisfy even one *Opie* factor is sufficient to uphold the denial of the new trial motion.   However, for the purpose of full consideration, we will analyze these two documents by application of the *Opie* standard.

## C.   Exhibit A

[¶ 17]   Exhibit A was part of a DFS file and includes a caseworker's comments indicating that the brother of one of the victims had apparently reported seeing a "lady in the bag under the bed."   The report continues: "[Minor child] admitted that he was lying about the whole thing.   He said he made it up."

## D.   Exhibit X

■ [¶ 18]   Exhibit X, which is not included in the record, indicates that one of the victims had been sexually abused by her brothers five years before being placed in Mr. Griswold's foster home.   Mr. Griswold contends Exhibit X was relevant to the expert's examination and history of the child and was also relevant to issues such as age appropriate sexual knowledge of the child.

[¶ 19]   We are in complete accord with the trial court that this evidence fails to satisfy the materiality requirement of the *Opie* standard.   Mr. Griswold describes Exhibit A as a "tenacious maintaining of a tall tale (about a 'body under a bed') by the brother of [one of the victims]."   The trial testimony of the brother was limited to witnessing Mr. Griswold pop out of the bathroom naked in front of him and the victims and seeing the victims undressed in front of Mr. Griswold.   While this testimony is certainly relevant, it does not directly corroborate the allegations of sexual abuse for which Mr. Griswold was convicted.   Even if we were to assume that Mr. Griswold is arguing Exhibit A goes to the propensity of the brother to exaggerate or lie, the only purpose of the introduction of this document is to impeach the brother's trial testimony.   As we have previously stated, a motion for a new trial should be denied if the purported "newly discovered evidence" merely impeaches or contradicts evidence produced at trial.   *Salaz,* 561 P.2d at 243. In light of the strength of the evidence produced at trial, we are wholly unconvinced that the introduction of this document would negate the extensive evidence against Mr. Griswold such as to warrant a new trial.

[¶ 20]   Likewise, Mr. Griswold failed to demonstrate how Exhibit X is "so material that it would probably produce a different verdict."   *Opie,* 422 P.2d at 85.   He asserts that, without the introduction of Exhibit X, the expert opinions expressed to the jury regarding one of the victims were formed on a less than complete sexual history of the child.   However, at trial Dr. William F. Heineke, a licensed professional mental health counselor; Dr. C. Andrew Sirotnak, a pediatrician; and the victim each testified that the inappropriate sexual contact the victim received from her brothers was nothing like what had happened to her with Mr. Griswold. Dr. Heineke further testified that his assessment of the victim, after she had been in Mr. Griswold's foster care, revealed a level of adult sexual knowledge which was significantly more than had been present in his initial assessment of her regarding the inappropriate sexual behavior of her brothers. In sum, it is improbable that these documents would outweigh the overwhelming testimony against Mr. Griswold such that this evidence would play a crucial role in the jury's verdict.   The trial court did not abuse its discretion in the determination that Exhibit X failed to satisfy each of the four factors of the *Opie* standard.

■ [¶ 21]   As a final matter, we have previously recognized that the findings of the trial court based on newly discovered evidence should remain undisturbed by the appellate court except for the most extraordinary circumstances.   *Hopkinson,* 679 P.2d at 1022.   The trial judge is exceptionally well qualified to make such a decision because he or she watched the case unfold.   *Id.* The trial

judge is also best situated to assess the probable impact of the evidence on a jury based on all the evidence presented at trial. After careful review, we conclude the trial court exercised sound judgment.

[¶ 22]  Mr. Griswold has failed to satisfy the heavy burden to show an abuse of discretion. *John B. Roden, Jr., Inc. v. Davis,* 460 P.2d 209, 216 (Wyo.1969). Therefore, we find no error in the trial court's denial of Mr. Griswold's motion for a new trial based on newly discovered evidence.

[¶ 23]  Affirmed.