2005 WY 20

**James BARKER, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 03–85.**

Supreme Court of Wyoming.

Feb. 17, 2005.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Diane E. Courselle, Director, Elizabeth B. Lance, Student Director, and Rocky Vroman, Student Intern, of the Wyoming Defender Aid Program. Argument by Mr. Vroman.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Daniel M. Fetsco, Assistant Attorney General. Argument by Mr. Fetsco.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and JAMES, D.J.

GOLDEN, Justice.

■ After filing his notice of appeal, James Barker filed a motion for limited remand for the purpose of developing the record on his ineffective assistance of counsel claims. This Court granted Barker's motion. After a hearing, the trial court held that Barker's trial counsel rendered effective representation. Because the trial court unduly limited the evidence Barker was allowed to present at the remand hearing, we reverse the finding of the trial court that defense counsel was effective and remand for the limited purpose of allowing Barker to fully develop the record on the issues of pretrial investigation and the circumstances surrounding Barker's waiver of his right to testify at his criminal trial.

## ISSUES

■ Barker presents the following four issues on appeal:

I. Was Mr. Barker denied his right to testify when the judge declined to allow a continuance and refused defense counsels' request to re-open the bench trial, so that Mr. Barker could testify unimpaired by illness?

II. Was Mr. Barker denied his constitutional right to proper notice which prevented him from effectively defending against the charges?

III. Was Mr. Barker prejudiced when the prosecution presented evidence of uncharged misconduct that was irrelevant to the charged offenses and should have been inadmissible under W.R.E. 404(b)?

IV. Was Mr. Barker denied his constitutional right to effective assistance of trial counsel; in the alternative, was Mr. Barker deprived of the opportunity to fully develop the record for review of his ineffectiveness claim?

This Court will only address Issue IV since it is dispositive of the appeal at this juncture.

## FACTS

■ Only limited facts are needed for the resolution of the appeal as it currently presents. After a bench trial, James Barker was convicted of one count of grand larceny by a bailee. The charge stemmed from allegations that Barker converted certain computer equipment from his then employer, Computer Professionals Unlimited (CPU). Barker's defense theory was that the computer equipment at issue was rightfully in his possession, alleging he had either purchased the equipment or the equipment was on authorized loan from CPU. Barker alleges he could prove his defense theory through cer-

tain business documents regarding the items in question and through his own testimony. At the bench trial, only limited documentation was available, and Barker did not testify.

 After filing his notice of appeal, Barker filed a motion for limited remand with this Court in order to develop his claims of ineffective assistance of counsel. His allegations of ineffectiveness revolved around two issues: defense counsel's failure to properly pursue documentary evidence that Barker had informed them was necessary to his defense; and defense counsel's failure to appropriately protect his right to testify at his criminal trial.

 In his motion for a limited remand, Barker alleged that, before his criminal trial, Barker instructed his defense counsel to obtain certain documents that were in the possession of either CPU or the State. Although his defense counsel requested at least eight categories of documents in discovery, the documents allegedly were never supplied in full and defense counsel never completely pursued compelling the production of the documents in question before trial.

 Further, Barker did not testify at his criminal trial. Barker alleges he was suffering from complications from diabetes and lacked the requisite mental coherence to effectively testify when it was time for him to testify. Defense counsel, however, never asked for a continuance on the record. Defense counsel spoke to the trial court off the record, indicating that Barker was not feeling well. The trial court told defense counsel that they should submit medical proof of Mr. Barker's allegedly impaired condition if they were going to officially seek a continuance on that ground. Defense counsel did not obtain any medical evidence or in any other manner attempt to protect Barker's right to testify.

 Ultimately, Barker waived his right to testify at his criminal trial. Barker alleges that his waiver was the result of his defense counsel not formally attempting to seek a continuance or in any other way attempting to preserve his right to testify. Barker alleges that, since his entire trial strategy had always been for him to testify in order to refute the allegations made by his former employer, his failure to testify ulti-

mately led to his being denied the right to present a complete defense.

 This Court concluded that the evidence proffered in Barker's motion for limited remand, if credible, was sufficient to demonstrate a reasonable likelihood that Barker's claims of ineffective assistance of counsel would ultimately succeed on the merits. Thus, because in his motion for limited remand Barker alleged an appropriate specific factual basis, the case merited a remand for the limited purpose of allowing Barker to develop the record with regard to his ineffective assistance of counsel claims. Upon remand, however, the trial court limited the documentary evidence Barker's appellate counsel could seek through discovery and could introduce into evidence at the hearing. The trial court also determined that no evidence regarding the actions of trial counsel in relation to protecting Barker's right to testify in his own behalf would be allowed since the trial court had previously determined in response to a motion for a new trial that Barker voluntarily and independently waived his right to testify. At the close of the hearing on remand, the trial court determined that Barker had not proven defense counsel had been ineffective.

## STANDARD OF REVIEW

 This Court has addressed the appropriate standard of review of an evidentiary hearing regarding ineffectiveness of counsel in *Robinson v. State*, 2003 WY 32, 64 P.3d 743 (Wyo.2003). In *Robinson*, this Court concluded that the appropriate standard of appellate review of a trial court's determination that defense counsel was effective is:

> Where the trial court has heard and decided the issue, we will not disturb that court's findings of fact unless they are clearly erroneous or against the great weight of the evidence. We will, on the other hand, conduct a *de novo* review of the trial court's conclusions of law, which include the question of whether counsel's conduct was deficient and the question of whether the appellant was prejudiced by that deficient conduct.

*Id.* at ¶ 16.

 Evidentiary issues are reviewed for abuse of discretion.

We have described the standard of an abuse of discretion as reaching the question of the reasonableness of the trial court's choice. *Griswold v. State,* 2001 WY 14, ¶ 7, 17 P.3d 728, ¶ 7 (Wyo.2001). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Id.* "In the absence of an abuse of discretion, we will not disturb the trial court's determination." *Id.* The burden is on the defendant to establish such abuse.

*Seward v. State,* 2003 WY 116, ¶ 13, 76 P.3d 805, ¶ 13 (Wyo.2003). *See also Hannon v. State,* 2004 WY 8, ¶ 13, 84 P.3d 320, ¶ 13 (Wyo.2004).

## DISCUSSION

 The order of this Court remanding the case for an evidentiary ruling stated simply that Barker's motion for limited remand was granted. Barker's motion would not have been granted if it did not meet the requirements of this Court:

> [P]artial remand for a criminal appellant to obtain an ineffectiveness of counsel hearing will only be granted (a) when the contention of ineffectiveness specifies acts or conduct which could properly be considered to allege ineffectiveness within the text of the motion, and (b) factual information is provided by citation to the record, affidavit or otherwise sufficient documentation for this court to perceive something more definite than conjecture as an unsupported assertion. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Hornecker v. State,* 977 P.2d 1289, 1291 (Wyo.1999). By ordering the limited remand, this Court, with the record extant at its disposal, determined that Barker's proffer of evidence in his motion for limited remand presented claims of arguable merit; that the claims were neither facially insufficient nor conclusively refuted by the record.

 In his motion for limited remand, Barker requested he be allowed to develop the record in regard to alleged ineffectiveness of defense counsel in regard to two claims. The first was the failure of defense counsel to obtain documentary discovery that Barker claimed was highly relevant to his defense. As examples of the discovery that was not pursued Barker specifically mentioned e-mails sent between his prior employer and himself and a loan book and a loan computer program kept by CPU that allegedly recorded all of the computer equipment that Barker received on loan from CPU.

 Upon remand, appellate counsel for Barker sought discovery of items they determined might be helpful to Barker's defense. The request for discovery included a few items beyond what had been specifically referred to in Barker's motion for limited remand, but substantially followed the request for discovery originally filed by trial counsel. The trial court limited the scope of discovery, stating "Defendant requests a laundry list of items that was never suggested to the Supreme Court." Finding that several items requested in discovery "were never mentioned in the Defendant's Motion for Limited Remand and Evidentiary Hearing," the trial court allowed discovery of only the loan book and limited e-mails, ruling all else to be a fishing expedition outside the scope of the remand.

 We believe this interpretation of the scope of the remand was unduly narrow. While Barker's motion for limited remand specifically mentioned the loan book and the e-mails, it was not so limited. The motion speaks generally of defense counsel's not following up on the discovery requests they initiated before trial. The specific request made by Barker in his motion for a limited remand was:

> Mr. Barker asks for limited remand so that he may make a record concerning, among other things, (1) his attorneys' failure to obtain evidence he requested, (2) what this evidence would have demonstrated, including whether it was necessary to the defense, and (3) who had possession of what evidence at the time the requests were made and at the time of trial.

Thus, Barker requested the limited remand to make a record regarding all the evidence

he requested and that his defense counsel should have or did compel production of but never followed up on. This is the request this Court granted. The limitations the trial court imposed upon the evidence subject to discovery by appellate counsel were an abuse of discretion under the circumstances of this case. Certainly, we do not condone "fishing expeditions," but the purpose of the limited remand was to allow Barker's appellate counsel to discover all relevant documentary evidence which effective trial counsel would have discovered. This Court has reviewed the items requested by Barker's appellate counsel for the remand hearing, and we find nothing clearly outside the scope of the remand. Of course, duplicates of already produced items need not be reproduced, but Barker must be allowed to fully develop the record regarding document discovery.

██ Barker's other request in the limited remand was to make a record concerning the actions of defense counsel in not protecting his right to testify. The trial court refused to allow any evidence or testimony on this issue during the remand hearing. The trial court reasoned that it had already determined that Barker voluntarily and knowingly waived his right to testify independently of any potential actions of defense counsel. The trial court based its determination on two facts. First, at Barker's trial, when Barker's defense counsel indicated that Barker would not testify, the trial court entered into a colloquy with Barker explaining to him his right to testify and that the decision to testify was his and his alone. The trial court specifically asked Barker if defense counsel in any way "restricted or controlled" his decision not to testify, to which Barker replied in the negative.

██ Second, Barker filed a motion for a new trial.[1] Eventually the motion for a new trial was transformed into a motion to reopen the case, in the interest of justice, for the limited purpose of allowing Barker to testify. No allegation was made of ineffective assistance of counsel. Barker introduced evidence at the hearing on his motion for a new

trial regarding his physical and mental condition at the time he had been scheduled to testify and shortly thereafter and generally averred that his waiver of his right to testify was not knowing or voluntary under the circumstances. The trial court denied his motion and a motion for reconsideration. In doing so, the trial court relied heavily upon its own memory of its impression of Barker's state of mind during the colloquy at trial, and specifically held that Barker voluntarily and knowingly waived his right to testify.

██ The trial court did not review ˎ the issue from the standpoint of whether Barker's defense counsel had effectively represented him with regards to protecting his right to testify. All that is known from the current record is that defense counsel approached the trial bench right before the lunch break to mention the possibility of a continuance due to Barker's health. The trial court suggested that medical proof might be necessary for such a continuance. The conversation was off the record. Defense counsel had at least the hour and a half lunch break to determine what course to follow to adequately protect Barker. What defense counsel did, if anything, from lunch and during the remaining time of the trial regarding protecting Barker's right to testify is not in any way reflected in the current record.

██ This Court ordered a limited remand to allow Barker to make a record as to the actions or inactions of defense counsel. The trial court was without discretion to prevent Barker from developing the record on the issue of exactly what trial counsel knew and what they did to protect Barker's right to testify:

> [I]f a *prima facie* showing of ineffective assistance of counsel has been made, even a judge who has conducted a bench trial may not assume that the proffered evidence does not create a reasonable probability that the result of the proceeding would have been different. The judge can only make that determination after conducting the necessary evidentiary hearing,

---

1. The motion for a new trial was grounded upon "inconsistent testimony proffered by the state's witnesses."

hearing the evidence, and then making a qualitative judgment as to whether that evidence, after being subjected to cross-examination, is sufficient to engender a reasonable probability that the result of the proceeding would have been different, or that the evidence presented at the hearing was sufficient to undermine confidence in the outcome of the initial trial.

*State v. Russo,* 333 N.J.Super. 119, 754 A.2d 623, 635 (2000). Barker's appellate counsel must be allowed to make a record as to the actions of Barker's trial counsel in regard to the issue of Barker's testifying at his trial.

## CONCLUSION

This Court granted Barker's motion for limited remand. In that motion Barker raised the issue of ineffective assistance of counsel by failure to properly conduct a pretrial investigation and by failing to protect his right to testify. Barker's appellate counsel must be allowed a fair and meaningful opportunity to develop the record on these two claims.

The decision of the district court finding that Barker received effective assistance of counsel is reversed. This case is remanded for an evidentiary hearing in which Barker's appellate counsel will be allowed to make a complete record concerning the claims raised by Barker of ineffectiveness of his trial counsel.