2011 WY 144

**Joshua Carmillo LASCANO,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–11–0009.**

Supreme Court of Wyoming.

Oct. 19, 2011.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; and David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] After being convicted of one count of burglary, appellant Joshua Lascano (Las-

cano) appeals the verdict and argues that the State committed misconduct by misrepresenting the relevance of gang evidence. We disagree and affirm Lascano's conviction. Furthermore, we also affirm the district court's decision to admit the evidence.

## ISSUE

[¶ 2]   Lascano presents one issue:

The prosecutor committed misconduct by misrepresenting evidence that the trial court relied upon in formulating its decision letter of July 2, 2010, or in the alternative the trial court abused its discretion in failing to inquire into clarity that Lascano committed a bad act as required by *Gleason v. State*, 2002 WY 161, 57 P.3d 332 (Wyo.2002).

## FACTS

[¶ 3]   In early October of 2009, JM (the victim) withdrew himself from gang activity after several years of association with a Rawlins gang, the "South Side Locos." The victim also dissociated himself with some of his friends, including Lascano, Santos Jaramillo (Jaramillo), and Aurelio Rodriguez (Rodriguez), who were also associated with gang activity.

[¶ 4]   Later that month, on October 29, 2009, Lascano, Jaramillo, and Rodriguez spent the night together. That night, Jaramillo asked Rodriguez to steal a PlayStation3® and an Xbox360® from the victim's home. After some encouragement, Rodriguez agreed to do so, and the next day he broke into the victim's home, and stole the PlayStation3. Rodriguez delivered the PlayStation3 to Jaramillo, and Jaramillo gave Rodriguez $200.00 for it.

[¶ 5]   The victim's mother noticed that the PlayStation3 was missing and filed a report with the police. During the investigation, Rodriguez admitted to the burglary and was charged thereafter. On December 22, 2009, the State charged Lascano and Jaramillo with conspiracy to commit burglary, in violation of Wyo. Stat. Ann. §§ 6–3–303(a) and 6–3–301(a) and (b) (LexisNexis 2011). Lascano

pleaded not guilty, and the case proceeded to trial.

[¶ 6]   Prior to trial, the State filed a W.R.E. 404(b) notice and indicated its intent to introduce evidence of Lascano's gang affiliation. The State surmised that Lascano and Jaramillo forced Rodriguez to burglarize the victim's home in retaliation for his renouncing his gang membership. After a hearing, the district court ruled that the gang evidence was admissible to prove motive and knowledge.

[¶ 7]   Trial began on July 27, 2010, and over the State's objection, Lascano and Jaramillo were tried together. After the jury heard abundant testimony, it found Lascano guilty and the court sentenced him to six to ten years, with credit for 278 days.[1] The prison term was suspended in favor of five years supervised probation. This appeal followed.

## STANDARD OF REVIEW

[¶ 8]   In *Sullivan v. State*, 2011 WY 46, ¶¶ 9–10, 247 P.3d 879, 881 (Wyo.2011), we stated:

Where there has been an objection at trial, we review claims of prosecutorial misconduct under a harmless error standard. *Harris v. State*, 2008 WY 23, ¶ 12, 177 P.3d 1166, 1170 (Wyo.2008). We typically review allegations of prosecutorial misconduct by reference to the entire record to determine whether or not a defendant's case has been so prejudiced as to deny him a fair trial. *Schafer v. State*, 2008 WY 149, ¶ 21, 197 P.3d 1247, 1251 (Wyo.2008) (citing *Szymanski v. State*, 2007 WY 139, ¶ 27, 166 P.3d 879, 886 (Wyo. 2007)).

In addressing a claim of prosecutorial misconduct, this Court focuses on the prejudice suffered by the defendant. *Smith v. State*, 2009 WY 2, ¶ 26, 199 P.3d 1052, 1059 (Wyo.2009). This Court has identified that reversal is not warranted unless a reasonable probability exists, absent the error, that an appellant may have enjoyed a more favorable verdict. *Trujillo v. State*, 750

---

1. The jury also convicted Jaramillo.

P.2d 1334, 1337 (Wyo.1988) (citing *Jones v. State,* 735 P.2d 699, 703 (Wyo.1987)).

Furthermore, we have stated:

> 'Evidentiary rulings are within the sound discretion of the trial court and include determinations of the adequacy of foundation and relevancy, competency, materiality, and remoteness of the evidence. This court will generally accede to the trial court's determination of the admissibility of evidence unless that court clearly abused its discretion.' *Solis v. State,* 981 P.2d 34, 36 (Wyo.1999) (citation omitted). We have described the standard of an abuse of discretion as reaching the question of the reasonableness of the trial court's choice. Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. 'In the absence of an abuse of discretion, we will not disturb the trial court's determination.' [*Griswold v. State,* 2001 WY 14, ¶ 7, 17 P.3d 728, ¶ 7 (Wyo.2001).] The burden is on the defendant to establish such abuse.
>
> [*Wilks v. State* ], 2002 WY 100, ¶ 19, 49 P.3d [975] at 984 (quoting *Skinner v. State,* 2001 WY 102, ¶ 25, 33 P.3d 758, 766 (Wyo. 2001), *cert. denied,* 535 U.S. 994, 122 S.Ct. 1554, 152 L.Ed.2d 477 (2002)).

*Sanchez v. State,* 2006 WY 12, ¶ 29, 126 P.3d 897, 908 (Wyo.2006).

## DISCUSSION

■ [¶ 9] In his main issue, Lascano argues that the prosecutor committed misconduct by misrepresenting the relevance of W.R.E. 404(b) evidence, which indicated that Lascano was a member of a gang. In its efforts to have the "gang" evidence admitted at trial, the State asserted that the burglary was an act of gang retaliation, and that, but for the gang affiliations, the burglary would not have occurred. More specifically, Lascano argues that he was prejudiced at trial because the gang evidence was allowed, but that the State failed to establish an "appropriate foundation as to the gang involvement and/or attempts to renounce and ideas of retaliation."

[¶ 10] Regarding gang evidence, we have said:

> Evidence of an individual's gang affiliation can be probative of material issues in certain cases. *See generally, for example, Johninson v. State,* 317 Ark. 431, 878 S.W.2d 727, 730–33 (1994) (collecting cases); *People v. James,* 117 P.3d 91 (Colo. App.2004), *cert. denied,* 2005 WL 1864140 (Colo.2005); *State v. Roberts,* 261 Kan. 320, 931 P.2d 683, 686–87 (1997) (highly probative of witness bias); *State v. Tran,* 252 Kan. 494, 847 P.2d 680, 687–88 (1993) (res gestae and motive); *Butler v. State* [120 Nev. 879], 102 P.3d 71, 78–79 (Nev.2004) (probative of motive); *State v. Torres,* 183 N.J. 554, 874 A.2d 1084, 1093–95 (2005) (collecting cases); and Annotation, *Admissibility of Evidence of Accused's Membership in Gang,* 39 A.L.R.4th 775 (1985 and Supp.2005).
>
> . . . .
>
> With respect to the danger of unfair prejudice, we have said that trial courts "must exercise great caution so defendants will be convicted on the basis of the evidence pertinent to the crimes charged and not on the basis of evidence calculated to appeal to the jury's passions or prejudices." *Orona–Rangal v. State,* 2002 WY 134, ¶ 15, 53 P.3d 1080, 1085 (Wyo.2002). Evidence of an individual's gang affiliation can be quite prejudicial:
>
> > Gangs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior. There is therefore always the possibility that a jury will attach a propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings toward gangs will influence its verdict. Guilt by association is a genuine concern whenever gang evidence is admitted.
>
> *United States v. Irvin,* 87 F.3d 860, 865 (7th Cir.), *cert. denied,* 519 U.S. 903, 117 S.Ct. 259, 136 L.Ed.2d 184 (1996) (footnote omitted). *See also Utz v. Commonwealth,* 28 Va.App. 411, 505 S.E.2d 380, 384–88

(1998) ("a juror might associate a defendant with such an affiliation as a person of bad character or someone prone to aggressive or violent behavior"). We have not been persuaded that similar concerns would not arise in the instant case from the admission of Deputy Fowler's testimony, despite the fact that the alleged gang member was the victim, rather than the defendant.

*Sanchez,* ¶¶ 30, 32, 126 P.3d 897, 908–09 (footnote omitted).

[¶ 11] Lascano insists that the State compromised his right to a fair trial by mentioning gang affiliation. When it ruled that gang evidence would be allowed to show motive and opportunity, the district court stated:

> [E]vidence establishing [Lascano]'s affiliation with the "South Side Locos" will be admissible in the State's case-in-chief at trial pursuant to Wyo. R. Evid. 404(b). However, this ruling is limited to the general allegation that [Lascano and Jaramillo] are affiliated with the "South Side Locos" to prove their motive for conspiracy to commit burglary and their knowledge of this particular victim. Specifically, the State will be permitted to establish [Lascano's] gang affiliation to show that they sought to punish [the victim] for attempting to leave the gang by instructing [Rodriguez] to burglarize his home.

[¶ 12] With the district court's ruling in mind, Lascano takes issue with the fact that no State witness directly testified that Lascano and Jaramillo told Rodriguez to burglarize the victim's home because he had renounced his gang membership. However, the State did elicit testimony from which the jury could reasonably infer that the burglary happened because the victim had left the gang. This Court sees no obligation by the State to provide specific testimony to that effect. The gang membership of the victim, along with the relationships it established, provided knowledge, but more importantly, motive. The evidence was not received to show bad character or the propensity to commit crimes, but instead why Lascano would burglarize the victim.

[¶ 13] Finally, to ensure no error below, the district court instructed the jury regarding the gang evidence in order to confine it to its proper purpose. The district court's instruction stated that the jury could not entertain the gang affiliation evidence as evidence that Lascano conspired to commit burglary, but only could consider it to establish Lascano's "motive and knowledge necessary to commit the charged crime." This Court assumes that the jury followed this instruction. *Brown v. State,* 953 P.2d 1170, 1177 (Wyo. 1998).

[¶ 14] In an alternative argument, Lascano argues that the district court abused its discretion by allowing the admission of the gang evidence in the first place. This Court reviews claimed error concerning the improper admission of evidence for abuse of discretion and will not reverse the trial court's decision absent a clear abuse. *Szymanski v. State,* 2007 WY 139, ¶ 15, 166 P.3d 879, 883 (Wyo.2007). When determining the admissibility of evidence under W.R.E. 404(b), a district court is required to determine if the evidence is offered for a proper purpose, if it is relevant, and if its probative value is not substantially outweighed by its potential for unfair prejudice. *Gleason v. State,* 2002 WY 161, ¶ 18, 57 P.3d 332, 340 (Wyo.2002). The district court must also consider certain factors when evaluating the probative value of prior bad acts evidence. *Id.* We stated in *Rolle v. State,* 2010 WY 100, ¶ 8, 236 P.3d 259, 263–64 (Wyo.2010):

> For proper appellate review of the admissibility of evidence under W.R.E. 404(b), the record must reflect that the trial court required the State not only to identify the proper purpose for which uncharged misconduct evidence is being offered, but also to explain how or why it is probative, and why it is more probative than prejudicial.... To make sure there is no doubt in the future that this is a required process, we will repeat it now, in the body of this opinion:
>
> In determining the probative value of prior bad acts evidence, the trial court should consider the following factors:
>
> 1. How clear is it that the defendant committed the prior bad act?
> 2. Does the defendant dispute the issue on which the state is offering the prior bad acts evidence?

3. Is other evidence available?

4. Is the evidence unnecessarily cumulative?

5. How much time has elapsed between the charged crime and the prior bad act?

[¶ 15] As we discussed above, the district court held a W.R.E. 404(b) hearing prior to trial, and after doing so, concluded that the gang evidence would be admitted to prove motive and knowledge. Furthermore, after a thorough review of the record, not only do we find that the evidence was properly admitted, but we also conclude that the district court acted more than appropriately in this instance.

## CONCLUSION

[¶ 16] We conclude that no prosecutorial misconduct occurred when gang evidence was admitted in this case and, furthermore, that the district court did not abuse its discretion in so admitting the gang evidence. Affirmed.