# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 85

APRIL TERM, A.D. 2013

July 12, 2013

JB,

Petitioner,

v.                                                              No. S-12-0239

THE STATE OF WYOMING,

Respondent.

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Fremont County*
*The Honorable Marvin L. Tyler, Judge*

*Representing Petitioner:*

    Diane M. Lozano, State Public Defender; Eric M. Alden, Senior Assistant Appellate Counsel.  Argument by Mr. Alden.

*Representing Respondent:*

    Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General; Jeffrey S. Pope, Assistant Attorney General.  Argument by Mr. Pope.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Justice.**

[¶1]    The Petitioner, JB,[1] is a minor who was charged as an adult with nine felonies arising from a home invasion and the resulting deaths of two individuals.  He was fifteen at the time of the crimes.  Prior to trial, JB filed a Motion to Transfer Proceedings to Juvenile Court.  The district court denied the motion.  JB then filed a Petition for Writ of Review seeking interlocutory review of that decision.  In support of his Petition, he claimed that the district court improperly placed the burden on him to establish that the case should be transferred to juvenile court.  We granted the Petition.  Upon review, we conclude that the district court erred in failing to assign the burden of persuasion to the State to establish that the case should not be transferred to juvenile court.  Accordingly, we reverse and remand for further proceedings.

*ISSUE*

[¶2]   Although JB lists nine issues in his brief, we find a single issue to be dispositive: Did the district court improperly place the burden of persuasion on JB rather than on the State?

*FACTS*

[¶3]    On March 14, 2012, JB was charged with two counts of first degree murder, two counts of conspiracy to commit first degree murder, two counts of aggravated robbery, two counts of conspiracy to commit aggravated robbery, and one count of first degree arson.  The prosecution alleged that JB had assisted three adults in their plan to rob and kill two victims in their home.  It asserted that two of the adults entered the victims' home and robbed and attacked them, while JB and the other adult stayed outside to act as lookouts and messengers.  Later, JB entered the home, and as instructed by one of the adults, allegedly struck one of the victims on the head with a dresser drawer.  The prosecution alleged that JB may have struck the killing blow.  It was further alleged that JB and one of the adults attempted to set fire to the home.

[¶4]    Although JB was fifteen when the crimes were allegedly committed, he was charged in district court as an adult.  JB moved to transfer his case to juvenile court.  In his memorandum in support of the motion to transfer, JB asserted that he did not

---

[1] We generally use a minor's name when he has been charged as an adult.  However, pursuant to Wyo. Stat. Ann. § 14-6-224(b) (LexisNexis 2011), hearings on motions to transfer proceedings to juvenile court are closed to the public.  The district court closed the hearing in JB's case, and pleadings and orders connected to the motion to transfer were filed under seal.  We granted JB's motion to continue treating this as a confidential case and, accordingly, we identify the Petitioner by his initials.

participate in the planning of the crimes, but was coerced into participating by the adults. He emphasized that he was developmentally challenged and immature, and likely to be rehabilitated by the services and facilities available to the juvenile court. The State resisted the motion. After substantial briefing from the parties, the district court held a hearing and, ultimately, denied the motion. JB filed a Petition for Writ of Review, seeking to challenge the district court's denial of his motion to transfer the proceedings to juvenile court. We granted the Petition.

## *STANDARD OF REVIEW*

[¶5]  "Allocation of the burden of proof is a matter of law." *Dan's Supermarket v. Pate*, 2001 WY 104, ¶ 8, 33 P.3d 1121, 1124 (Wyo. 2001); *JM v. Department of Family Servs.*, 922 P.2d 219, 221 (Wyo. 1996). We review questions of law *de novo*. *Amoco Prod. Co. v. EM Nominee Partnership Co.*, 2 P.3d 534, 540 (Wyo. 2000).

## *DISCUSSION*

[¶6]  Under Wyoming's Juvenile Justice Act, cases against minors fourteen or older who are charged with violent felonies "may be originally commenced either in the juvenile court or in the district court." Wyo. Stat. Ann. § 14-6-203(f)(iv). A minor being prosecuted in district court may move to have the proceedings transferred to juvenile court pursuant to Wyo. Stat. Ann. § 14-6-237(g), which provides as follows:

> If any proceeding commenced in the district court is within the concurrent jurisdiction of the juvenile court, the district court may on motion of any party or on its own motion order any proceeding transferred to the juvenile court. The district court judge may, after notice and hearing, find the matter more properly suited to disposition under the provisions of this act. The order of transfer confers upon the juvenile court full jurisdiction in the matter as if originally commenced in the juvenile court.

Subsection (b) of this statute sets forth the criteria to be considered by the court when making transfer decisions:

> The court shall order the matter transferred to the appropriate court for prosecution if after the transfer hearing it finds that proper reason therefor exists. The determinative factors to be considered by the judge in deciding whether the juvenile court's jurisdiction over such offenses will be waived are the following:

2

(i) The seriousness of the alleged offense to the community and whether the protection of the community required waiver;

(ii) Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

(iii) Whether the alleged offense was against persons or against property, greater weight being given to offenses against persons especially if personal injury resulted;

(iv) The desirability of trial and disposition of the entire offense in one (1) court when the juvenile's associates in the alleged offense are adults who will be charged with a crime;

(v) The sophistication and maturity of the juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living;

(vi) The record and previous history of the juvenile, including previous contacts with the law enforcement agencies, juvenile courts and other jurisdictions, prior periods of probation to this court, or prior commitments to juvenile institutions;

(vii) The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile (if he is found to have committed the alleged offense) by the use of procedures, services and facilities currently available to the juvenile court.

[¶7]   As noted above, the district court denied JB's motion to transfer the case to juvenile court.  The district court set forth its reasoning in a sixteen-page written decision discussing all of the statutory factors.  In its order, the district court stated that JB "has the burden of demonstrating, by a preponderance of the evidence, that this case should be transferred from District Court to Juvenile Court." It concluded that JB "failed to show, by a preponderance of the evidence, that the proceedings in this case should be transferred to Juvenile Court." Relying on our decision in *Hansen v. State*, 904 P.2d 811 (Wyo. 1995), JB claims that the district court erred in assigning the burden of persuasion

to him. We agree.

[¶8] In *Hansen*, we considered two consolidated petitions for writs of review. In one, sixteen-year-old Arthur Hansen was charged as an adult in district court. His motion to transfer the proceedings to juvenile court was denied, and he petitioned for review of that decision. *Id*. at 814-15. In the other, proceedings in juvenile court were initiated against fifteen-year-old Derek Pappan. The State's motion to transfer his case to district court was granted, and he petitioned for review. *Id*. at 815. Both petitioners claimed that Wyoming's Juvenile Justice Act was "defective in failing to assign a burden of proof." *Id*. at 823.

[¶9] In each case, the court had assigned the burden of persuasion to the State. We approved of that allocation of the burden, explaining as follows:

> The phrase "burden of proof" is applied to two related, but different, concepts which occur in connection with pre-trial hearings. The burden of producing evidence is assigned to one party or the other and, likewise, the burden of persuasion is assigned to one party or the other. The interrelation and dynamics of these concepts is described in 1 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 62, at 301 (2d ed. 1994):
>
> > To say that a party bears the burden of producing evidence is to say she runs the risk of losing automatically (on a motion to dismiss or for judgment as a matter of law) if she does not offer sufficient evidence to enable a reasonable person to find in her favor. At the outset, usually the party who bears the burden of persuasion also bears the burden of production. . . .
> >
> > To say that a party bears the burden of persuasion (or the risk of nonpersuasion) is to say she can win only if the evidence persuades the trier of the existence of the facts that she needs in order to prevail. Ordinarily that means that she wins only if, on the basis of the evidence, the facts seem more likely true than not. Perhaps because this burden operates at the end of trial, courts often say it never "shifts." (Footnote omitted.)

***In both of these cases, the State was assigned the burden of persuading the court that the evidence supported the factors justifying the trial of the juvenile in district court.*** The burden of producing evidence appropriately is assigned to the party seeking relief. In Pappan's case, that was the prosecuting attorney who moved to transfer from juvenile court to district court. In the case of Hansen, that burden of producing evidence belonged to Hansen who moved to transfer the case from district court to juvenile court.

We reiterate that, in both of these pre-trial hearings, the court and the parties clarified the burden of persuasion prior to the end of the respective hearings.

*Id.* at 823-24 (emphasis added).

[¶10] JB's case is similar to Mr. Hansen's, in that criminal charges were filed in the district court and the motion for transfer to juvenile court was denied. In the instant case, the record does not indicate that there was any discussion between the court and the parties regarding the allocation of the burden of proof. The record reflects that JB presented his evidence first. That is consistent with our statement in *Hansen* that the "burden of producing evidence appropriately is assigned to the party seeking relief." *Id.*[2] In its written decision, however, the district court placed the burden of persuasion squarely on JB. We established in *Hansen* that the burden of persuasion in transfer motions is assigned to the State. *Id.* at 824. The district court's failure to assign the burden of persuasion to the State in this case was error.

[¶11] The State contends that the district court's decision should be affirmed for two principal reasons. First, the State asserts that JB did not object to the burden of persuasion assigned by the district court, and therefore waived his objection. The State did not cite any authority indicating that the correct allocation of the burden of proof can be waived. Our cases involving waiver tend to deal with the waiver of constitutional

---

[2] Many commentators and courts, including this Court, have defined the term burden of production in various ways. For example, in addition to our explanation in *Hansen*, we have said that the burden of production "is also known as the burden of producing evidence or going forward with the evidence. The burden involves the obligation of a party to present, at the appropriate time, evidence of sufficient substance on the issue involved to permit the fact finder to act upon it." *Joyner v. State*, 2002 WY 174, ¶ 18, 58 P.3d 331, 337 (Wyo. 2002). Rather than attempting another definition here, we will merely clarify that the party bearing the burden of production is the party that will lose if he produces ***no*** evidence to support his assertion. *See generally* John T. McNaughton, *Burden of Production of Evidence: A Function of a Burden of Persuasion*, 68 Harvard L. Rev. 1382 (1955).

rights. *E.g., Craft v. State*, 2011 WY 142, ¶ 12, 262 P.3d 1253, 1256 (Wyo. 2011) (waiver of right to counsel); *Barker v. State*, 2005 WY 20, ¶ 16, 106 P.3d 297, 301 (Wyo. 2005) (waiver of right to testify); *Bush v. State*, 2003 WY 156, ¶ 6, 79 P.3d 1178, 1181 (Wyo. 2003) (waiver of right to appeal).

[¶12] Moreover, in *Craft*, *Barker*, *Bush*, and other cases, we have consistently indicated that waivers must be knowing and voluntary to be valid. There is no indication in this case that JB made a knowing and voluntary waiver. The record reflects that the issue was not discussed by either party in their pleadings or oral arguments, or by the district court until it issued its order. Until the district court issued its decision, JB had no knowledge of how the burden of persuasion was being allocated. The State relies upon a brief exchange during the hearing to support its claim of waiver. At one point in the hearing, the prosecutor asserted that JB "has got the burden of persuasion today." However, that was in the broader context of an objection to JB's attempt to call the State's expert as a witness. In context, the prosecutor's brief reference to the burden of persuasion was not sufficient to demonstrate that JB voluntarily and knowingly waived the issue.

[¶13] Second, the State asserts that where "Wyoming statutes do not assign either party the burden of persuasion, this Court has held that it 'may be judicially or legislatively assigned.'" *Hansen*, 904 P.2d at 823. "In this case," the State continues, "the district court's decision letter showed that it assigned JB the burden of persuasion – as this Court allows it to do." Our statement in *Hansen* that burdens may be judicially or legislatively assigned meant that if the legislature does not assign a burden, a court may do so. Because the Wyoming Juvenile Justice Act did not assign burdens of proof legislatively, we did so judicially, placing the burden of persuasion in motions to transfer on the State. Contrary to the State's argument, once this Court has judicially assigned a burden of persuasion, district courts may not disregard that precedent and reassign the burden on a case-by-case basis.

[¶14] Because the issue of the burden of persuasion is dispositive, we need not resolve JB's other issues. Most of the remaining issues may be fairly characterized as objections to the way the district court evaluated the statutory factors set forth in Wyo. Stat. Ann. § 14-6-237(b). The weight to be given these factors is a matter "within the sound discretion of the court." *Hansen*, 904 P.2d at 824. Because the district court will need to re-weigh these factors on remand, it serves little purpose to review how it weighed them previously.

[¶15] One issue raised by JB, however, deserves further comment. One of the statutory factors to be considered when deciding a motion to transfer is the "seriousness of the alleged offense to the community and whether the protection of the community required waiver." Wyo. Stat. Ann. § 14-6-237(b)(i). Four separate times in its decision, the district court repeated that "There are no crimes more serious than 'violent felony' crimes in Wyoming." In his brief, JB asserts that:

The problem presented with the district court's repeated statement that "there are no crimes more serious than 'violent felony' crimes" is that it has become a conclusion of law overwhelming all other considerations. It is also that the court has stopped assessing the alleged conduct of [JB] and replaced that with an assessment of the statutes he is alleged to have violated with that conduct.

[¶16] We note again that the weight to be given the statutory factors is within the sound discretion of the district court. However, the seriousness of the alleged offense is only one of many statutory factors to be considered when deciding a motion to transfer a case from district court to juvenile court. Undue weight should not be given to any single factor. Wyoming's Juvenile Justice Act provides that cases "in which the minor has attained the age of fourteen (14) years and is charged with a violent felony" may be brought either in the district court or in the juvenile court. Wyo. Stat. Ann. § 14-6-203(f)(iv). This is a clear signal from the Wyoming Legislature that not all minors fourteen or older who are charged with violent felonies should be prosecuted in adult criminal court. The fact that a minor is charged with violent felonies does not preclude his case from being adjudicated in juvenile court.

[¶17] The district court's denial of JB's motion to transfer his case from district court to juvenile court is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.