# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 80

APRIL TERM, A.D. 2014

June 20, 2014

KERRY EUGENE GARNETT,

Appellant
(Defendant),

v.

S-13-0195

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Goshen County*
*The Honorable Keith G. Kautz, Judge*

*Representing Appellant:*
Kerry Eugene Garnett, *pro se.*

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Meri V. Geringer, Senior Assistant Attorney General.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

*FOX, J., delivers the opinion of the Court; DAVIS, J., files a specially concurring opinion, in which HILL, J., joins.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX**, Justice.

[¶1]   Kerry Garnett, Appellant, filed documents entitled Motion to Vacate Judgment and Sentence and/or Motion to Correct Illegal Sentence, Motion for Order to Show Cause, and Motion for Hearing challenging his transfer from a Wyoming penitentiary to a Virginia facility to serve his term of incarceration.  The district court denied Mr. Garnett's motions, and we affirm.

## ISSUE

[¶2]   Mr. Garnett, who appears *pro se*, did not specifically state what he believes to be the issue in this appeal.  Nevertheless, the following question can be distilled from his argument:  Did the district court abuse its discretion by denying Mr. Garnett's motions concerning his transfer to an out-of-state prison?

## FACTS

[¶3]   The underlying facts of Mr. Garnett's conviction are not material to this appeal and have been previously set out in detail in *Garnett v. State*, 769 P.2d 371, 372 (Wyo. 1989).  We will not repeat them here.

[¶4]   After Mr. Garnett pled guilty to first-degree felony murder and aggravated burglary, he was sentenced to life in prison on the murder charge plus twenty to twenty-five years for the burglary count.  Mr. Garnett did not appeal his conviction, although through the years he has filed unsuccessful motions and petitions concerning his conviction and sentence.  *Id*.  In the latest salvo, Mr. Garnett filed a collection of motions asserting that his sentence is illegal because the Wyoming Department of Corrections (DOC) transferred him to a facility in Virginia to serve out his sentence in 2013.  He argued that because of the alleged illegality of the transfer, the warden at the Wyoming State Penitentiary must be ordered to show cause why Mr. Garnett should no longer be incarcerated here.

[¶5]   The district court denied Mr. Garnett's motions, succinctly stating that they "are without merit and beyond the jurisdiction of this Court."  This appeal was timely perfected.

## STANDARD OF REVIEW

[¶6]          "A motion to correct an illegal sentence under W.R.Cr.P. 35(a) is addressed to the sound discretion of the sentencing court." *Mead v. State*, 2 P.3d 564, 566 (Wyo. 2000).  We, therefore, apply our abuse-of-discretion standard in reviewing a denial of a motion to correct an illegal sentence.  *Cardenas*

1

*v. State*, 925 P.2d 239, 240 (Wyo. 1996). The abuse-of-discretion standard of review reaches the question of the reasonableness of the trial court's choice. *Griswold v. State*, 2001 WY 14, ¶ 7, 17 P.3d 728, 731 (Wyo. 2001). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily and capriciously. *Id.*

*Martinez v. State*, 2002 WY 10, ¶ 7, 39 P.3d 394, 396 (Wyo. 2002).

## *DISCUSSION*

[¶7]  A district "court may correct an illegal sentence at any time." W.R.Cr.P. 35(a). "[A]n illegal sentence is one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Gould v. State*, 2006 WY 157, ¶ 25, 151 P.3d 261, 268 (Wyo. 2006) (internal quotation marks omitted). The Court's "inquiry under Rule 35 focuses on the sentence itself, not upon the State's actions in executing the sentence." *Id.* Mr. Garnett challenges the way in which the State has executed his sentences, not their legality, and thus his transfer to Virginia does not constitute an illegal sentence. The district court did not abuse its discretion when it denied his motion to correct illegal sentence.[1]

## *CONCLUSION*

[¶8]  The district court's order is affirmed.

---

[1] Mr. Garnett's Motion for Order to Show Cause is not a post-conviction motion authorized by statute or rule and was properly dismissed by the district court.

**DAVIS, Justice, specially concurring, in which HILL, Justice, joins.**

[¶9]   I agree with the majority opinion that Appellant is not challenging the legality of his sentences, but only the way in which the State has executed them.  I write separately because that conclusion should compel us to dismiss the appeal for lack of subject matter jurisdiction, rather than affirm on the merits.  Because Appellant is not properly contesting the legality of his sentences under W.R.Cr.P. 35, the district court rightly recognized that it did not have jurisdiction to consider Appellant's assertions.  *See Kurtenbach v. State*, 2012 WY 162, ¶ 11, 290 P.3d 1101, 1104 (Wyo. 2012) (explaining that in the absence of a specific statute or court rule allowing the trial court continued jurisdiction, the court has no power to act further once a defendant's conviction is final because he has exercised his right to appeal, or the time for appeal has expired).  This Court ought to do the same.  While it is certainly true that district courts have jurisdiction to correct illegal sentences at any time, a party cannot create jurisdiction by titling a pleading as something it is not.  *See, e.g., Hitz v. State*, 2014 WY 58, 323 P.3d 1104 (Wyo. 2014); *Ragsdale v. Hartford Underwriters Ins. Co.*, 2007 WY 163, ¶ 4, 169 P.3d 78, 80 (Wyo. 2007) ("[T]his Court looks to the substance of a motion in order to determine the appropriateness of the motion.").

[¶10] Because "the district court lacked subject matter jurisdiction, this Court has jurisdiction on appeal, not on the merits, but only as to the jurisdictional issue." *Rock v. Lankford*, 2013 WY 61, ¶ 18, 301 P.3d 1075, 1080 (Wyo. 2013) (quoting *Hall v. Park Cnty.*, 2010 WY 124, ¶ 3, 238 P.3d 580, 581 (Wyo. 2010)).  "The absence of subject matter jurisdiction makes dismissal, rather than affirmance, the proper course." *Hall*, ¶ 3, 238 P.3d at 581.